UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EARL HOPKINS, | ) | NO. CV 07-8309-E |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) | |
| Defendant. | ) | |

**PROCEEDINGS**

Plaintiff filed a complaint on January 2, 2008, seeking review of the Commissioner's denial of benefits. The parties filed a "Consent to Proceed Before a United States Magistrate Judge" on May 7, 2008. Plaintiff filed a motion for summary judgment on June 9, 2008. Defendant filed a motion for summary judgment on July 3, 2008. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed January 3, 2008.

///
///

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserted disability based on a variety of alleged impairments (Administrative Record ("A.R.") 64-465). The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from Plaintiff and from a vocational expert (A.R. 17-465). The ALJ determined that Plaintiff suffers from "cervical spondylosis with canal and foraminal stenosis," diabetes mellitus, hypertension, polysubstance dependence and depression (A.R. 20). The ALJ found Plaintiff retains the residual functional capacity to perform simple, medium-level work not requiring more than occasional climbing and balancing (A.R. 23). In reliance on the testimony of a vocational expert, the ALJ concluded that there exist significant numbers of jobs Plaintiff can perform (A.R. 32). The Appeals Council denied review (A.R. 5-7).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used proper legal standards. See DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991); Swanson v. Secretary of Health and Human Serv., 763 F.2d 1061, 1064 (9th Cir. 1985). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted).

///

This Court "may not affirm [the Administration's] decision simply by isolating a specific quantum of supporting evidence, but must also consider evidence that detracts from [the Administration's] conclusion." Ray v. Bowen, 813 F.2d 914, 915 (9th Cir. 1987) (citation and quotations omitted). However, the Court cannot disturb findings supported by substantial evidence, even though there may exist other evidence supporting Plaintiff's claim. See Torske v. Richardson, 484 F.2d 59, 60 (9th Cir. 1973), cert. denied, 417 U.S. 933 (1974); Harvey v. Richardson, 451 F.2d 589, 590 (9th Cir. 1971).

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied. The Administration's findings are supported by substantial evidence and are free from material[1] legal error.

**I.   Substantial Evidence Supports the Conclusion Plaintiff Can Work.**

Contrary to Plaintiff's argument, substantial evidence supports the conclusion Plaintiff is not disabled. An examining psychiatrist opined Plaintiff's diagnosis was "fair" and Plaintiff retains the ability to perform simple work notwithstanding polysubstance dependence and a depressive disorder (A.R. 192). Cervical MRIs revealed mostly mild or moderate problems and no acute fractures (A.R.

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir. 1991); see also Batson v. Commissioner, 359 F.3d 1190, 1196 (9th Cir. 2004); Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).

3

1  360-61, 378-79). A cervical CT scan yielded similar results (A.R.
2  363). Dr. Maze, an examining neurologist, opined Plaintiff retains
3  the residual functional capacity for medium work (A.R. 370-77).
4  Dr. Maze observed, <u>inter alia</u>, Plaintiff carries a cane but does not
5  require a cane for ambulation (A.R. 376). As the ALJ observed, the
6  paucity of medical treatment records suggests that Plaintiff's
7  "condition is not as severe as alleged" (A.R. 28).
8
9     The record in this case is not without conflicts and ambiguities
10 in the medical evidence. However, the ALJ acted within his discretion
11 to resolve all material conflicts and ambiguities. <u>See</u> <u>Lewis v.</u>
12 <u>Apfel</u>, 236 F.3d 503, 509 (9th Cir. 2001). Where, as here, the
13 evidence "admits of more than one rational interpretation," the Court
14 must uphold the administrative decision. <u>Andrews v. Shalala</u>, 53 F.3d
15 1035, 1039-40 (9th Cir. 1995); <u>accord</u> <u>Thomas v. Barnhart</u>, 278 F.3d
16 947, 954 (9th Cir. 2002); <u>Sandgathe v. Chater</u>, 108 F.3d 978, 980 (9th
17 Cir. 1997).
18
19     The vocational expert testified that a person having the
20 limitations the ALJ found to exist could perform certain jobs existing
21 in significant numbers in the regional economy (A.R. 459-61). This
22 testimony furnishes substantial evidence Plaintiff can work. <u>See</u>
23 <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1340 (9th Cir. 1988); <u>see also</u>
24 <u>Barker v. Secretary</u>, 882 F.2d 1474, 1478-80 (9th Cir. 1989); <u>Martinez</u>
25 <u>v. Heckler</u>, 807 F.2d 771, 775 (9th Cir. 1986); <u>see generally</u> 42 U.S.C.
26 § 423(d)(2)(A).
27 ///
28 ///

1  **II.  The Administration Did Not Err in Discounting the Opinions of the**
2  **Treating Physician.**

4     Plaintiff argues that the ALJ improperly rejected the opinions of
5  Dr. Butteri, allegedly a treating physician, without stating
6  sufficient reasons therefor.  This argument must be rejected.

8     Where a treating physician's opinion is contradicted, the ALJ may
9  reject the opinion by setting forth "specific, legitimate reasons" for
10 doing so.  Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).
11 Rejection of an uncontradicted opinion of a treating physician
12 requires a statement of "clear and convincing" reasons.  See, e.g.,
13 Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Gallant v.
14 Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

16    The ALJ's discounting of Dr. Butteri's opinions satisfies either
17 standard.  The ALJ properly stressed the lack of objective findings or
18 clinical notes supporting Dr. Butteri's opinions (A.R. 30).  An ALJ
19 properly may reject treating physicians' conclusory assessments when
20 unsupported by adequate clinical findings.  See, e.g., Matney v.
21 Sullivan, 981 F.2d 1016, 1019-20 (9th Cir. 1992); Burkhart v. Bowen,
22 856 F.2d 1335, 1339-40 (9th Cir. 1988); Young v. Heckler, 803 F.2d
23 963, 967-68 (9th Cir. 1986); see also Batson v. Commissioner, 359 F.3d
24 1190, 1195 (9th Cir. 2004) ("an ALJ may discredit treating physicians'
25 opinions that are conclusory, brief, and unsupported by the record as
26 a whole . . . or by objective medical findings"); Connett v. Barnhart,
27 340 F.3d 871, 875 (9th Cir. 2003) (treating physician's opinion
28 properly rejected where treating physician's treatment notes "provide

no basis for the functional restrictions he opined should be imposed on [the claimant]").

The ALJ also noted Dr. Butteri's reliance on Plaintiff's own report of limitations despite Dr. Butteri's characterization of Plaintiff as "quite defensive and manipulative" (A.R. 30-31). An ALJ may reject a treating physician's opinion that is predicated on the properly discounted subjective complaints of the claimant. See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001); Fair v. Bowen, 885 F.2d 597, 605 (9th Cir. 1989); see also Woods v. Chater, 1996 WL 570490 (N.D. Cal. Sept. 27, 1996) (upholding rejection of treating physician's opinion where the opinion lacked supporting objective data and where the claimant failed to give a full effort on certain diagnostic tests).[2] The ALJ found Plaintiff's subjective complaints not credible (A.R. 31). Plaintiff's motion does not specifically challenge this credibility finding.

**III. The ALJ Did Not Err in Questioning the Vocational Expert.**

Plaintiff argues that the hypothetical questions the ALJ posed to the vocational expert failed to include all of Plaintiff's physical and mental limitations. Hypothetical questions posed to a vocational

---

[2] The ALJ also noted the proximity between Dr. Butteri's opinions and the administrative disability hearing (A.R. 30). "[I]n the absence of other evidence to undermine the credibility of a medical report, the purpose for which the report was obtained does not provide a legitimate basis for rejecting it." Reddick v. Chater, 157 F.3d 715, 726 (9th Cir. 1998). As discussed above, however, there existed ample other evidence to undermine Dr. Butteri's opinion; the ALJ's suggestion at page 30 of the Administrative Record that Dr. Butteri "offered his assessment as a courtesy to the claimant" did not effect material error under the circumstances of this case.

6

expert need not include all conceivable limitations that a favorable interpretation of the record might suggest to exist – only those limitations the ALJ finds to exist. See, e.g., Bayliss v. Barnhart, 427 F.3d 1211, 1217-18 (9th Cir. 2005); Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001); Magallanes v. Bowen, 881 F.2d 747, 756-57 (9th Cir. 1989); Martinez v. Heckler, 807 F.2d 771, 773-74 (9th Cir. 1986). Here, the hypothetical question posed to the vocational expert included all limitations the ALJ found to exist (A.R. 23, 459-60). No material error occurred.

**CONCLUSION**

For all of the reasons discussed herein, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 15, 2008.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE